IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARCOS RODRIGUEZ,
    Petitioner

    v.

FRANK STRADA,
    Respondent

CIVIL NO. 1:12-CV-0590

(Judge Caldwell)

## *M E M O R A N D U M*

The pro se petitioner, Marcos Rodriguez, currently an inmate at FCI Milan, in Milan, Michigan, filed this 28 U.S.C. § 2241 petition while he was imprisoned at the low security institution at FCI-Allenwood, in Allenwood, Pennsylvania. The petition challenges the loss of forty days of good conduct time imposed as a sanction in disciplinary proceedings held at Allenwood. The good conduct time was lost after a finding that Petitioner had illegally taken "Tricyclics," a psychotropic medication. The only ground for relief raised by Petitioner is that there was an insufficient chain of custody for the urine sample that revealed the presence of the drugs.

Review of the parties' submissions reveals that Petitioner was taken to Williamsport Hospital and admitted to the intensive care unit for acute renal failure and possible overdose of Tricyclics. A urinalysis taken in the emergency room before he was admitted to intensive care tested positive for Tricyclics. (Doc. 10-1, ECF p. 8). That urinalysis was used at the disciplinary hearing.

Petitioner argues that the chain of custody was improper because the chain should have begun with a urine sample taken at the prison, before he went to the hospital. He also points out that no one from the prison signed off on the Hospital's urinalysis. (Doc. 1, ECF p. 7; Doc. 10-1, ECF p. 18).

In the court's view, this case does not present a chain-of-custody issue. This was not a routine screening test; the urine sample was taken at the hospital because Petitioner had been taken there for treatment. In a prison disciplinary hearing, there need only be "some evidence" supporting the decision-maker's finding. *McGee v. Scism*, 463 F. App'x 61, 63 (3d Cir. 2012)(nonprecedential)(quoted case omitted). Petitioner does not claim that the hospital sample was tampered with or that it was not his. In these circumstances, there is no due-process issue. *See Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989)(rejecting the petitioner's chain-of-custody argument and ruling that "[p]ositive urinalysis results based on samples that officials claim to be appellant's constitute *some* evidence of appellant's drug use")(emphasis in original).

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

August 13, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARCOS RODRIGUEZ,
    Petitioner

    v.

FRANK STRADA,
    Respondent

CIVIL NO. 1:12-CV-0590

(Judge Caldwell)

*O R D E R*

AND NOW, this 13th day of August, 2013, it is ordered that:

  1. The petition (Doc. 1) for a writ of habeas corpus is DENIED.

  2. The Clerk of Court shall close this file.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge